Case 4:25-cv-00342   Document 11   Filed on 04/08/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 08, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATEO DEDIOS, SPN # 02149740, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 4:25-0342 |
| MARIO MADRID, *et al.*, | § § § | |
| Defendants. | § § § | |

## **MEMORANDUM OPINION AND ORDER**

The plaintiff, Mateo Dedios, filed a complaint bringing civil rights claims against his criminal defense attorney, the judge presiding over his criminal proceedings, and the Harris County District Attorney. On February 26, 2025, the Court dismissed this action under 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. § 1915A(b) based on immunity and for failure to state a claim upon which relief may be granted (Dkt. 7; Dkt. 8).

On March 4, 2025, Dedios filed a motion to voluntarily dismiss his case (Dkt. 9), which is captioned for this case and for *Dedios v. Madrid*, Civil Action No. 4:25-0550 (S.D. Tex.) Dedios states that he seeks to dismiss this case because he previously did not know that his defense attorney is not a state actor for purposes of 42 U.S.C. § 1983 or that the judge in his case is protected by immunity.

On the same day, Dedios filed a motion to "further and perfect original petition" (Dkt. 10), again captioned for this case and for Civil Action No. 4:25-0550. Dedios appears

to state that he knows his claims are not cognizable under 42 U.S.C. § 1983. He requests that the court allow the "conversion" of his action "to a suitable claim" upon which relief may be granted. He does not identify any specific claim he seeks to pursue. He also requests that the Court offer him a three-month "grace period" in order to recruit counsel and cure his pleading.

To the extent Dedios' motions could be construed as requests for reconsideration under Federal Rule of Civil Procedure 59(e), they must be denied. Rule 59(e) serves the narrow purpose of allowing a party to bring manifest errors or newly discovered evidence to the court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). When a plaintiff seeks reconsideration under Rule 59(e) to challenge a judgment entered on the pleadings, as in this case, the motion is informed by the standard applicable to motions for leave to amend brought under Federal Rule of Civil Procedure 15(a). *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003). Under Rule 15(a), leave to amend may be denied based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of the amendment." *Id*. at 864 (cleaned up).

Here, to the extent Dedios seeks leave to amend his pleadings, he identifies no cognizable claim against the defendants and thus his proposed amendment would be futile. Therefore, he does not show that he is entitled to relief under Rule 59(e) or Rule 15(a).

Because this civil action is closed, Dedios' motions (Dkt. 9; Dkt. 10) are **DENIED as moot**. Any request for relief under Rule 59(e) or Rule 15(a) is also denied.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on ____April 8,_____, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE